IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| JUSTIN MICHAEL CREDICO | NO. 14-118 |

DuBOIS, J.                                                                                           April 5, 2021

**M E M O R A N D U M**

**I.     INTRODUCTION**

This case arises from a sustained campaign of threats and harassment by *pro se* defendant, Justin Michael Credico, against Federal Bureau of Investigation ("FBI") agents and employees. Presently before the Court are the Motion for Preliminary Injunction and the Modification of Supervised Release ref: Court Fees and Fines and Notice of Foreign Law (Document No. 254, filed August 24, 2017), Motion Under 28 U.S.C. § 2255 (Document No. 256, filed August 31, 2017), Motion for Injunctive Relief and Modification of Terms of Supervised Release (Document No. 283, filed June 25, 2019), and related supplements. For the reasons that follow, the Motion Under 28 U.S.C. § 2255 is denied and the Motion for Preliminary Injunction and the Modification of Supervised Release ref: Court Fees and Fines and Notice of Foreign Law and the Motion for Injunctive Relief and Modification of Terms of Supervised Release (collectively with the Supplement to Motion for Modification of Supervised Release (Document No. 261, filed October 6, 2017), "Supervised Release Motions") are granted in part and denied in part.

## II. BACKGROUND

### A. Underlying Convictions

On March 11, 2014, Credico was charged with four counts of making threats against federal law enforcement officers and their immediate family members in violation of 18 U.S.C. § 115. The Indictment charged that, on or about February 4, 2014, Credico threatened the lives of Special Agents Milligan and Fitzgerald and made additional threats against their families in a series of back-to-back telephone messages left on Agent Milligan's voicemail. The Indictment stated that Credico had made hundreds of similar telephone calls to FBI employees over several years.

Trial was held on February 14, 2017. On February 16, 2017, Credico was convicted on all four counts of the Indictment. Sentencing was held on May 27, 2017. The Court sentenced Credico to seventy months imprisonment and three years of supervised release. He was released from custody and began supervised release on April 5, 2019.

### B. Procedural History

On August 24, 2017, Credico filed the Motion for Preliminary Injunction and the Modification of Supervised Release ref: Court Fees and Fines and Notice of Foreign Law (Document No. 254). He supplemented that Motion on October 6, 2017 (Document No. 261).

On August 31, 2017, Credico filed the Motion Under 28 U.S.C. § 2255 (Document No. 256). He supplemented that Motion on October 19, 2017, December 1, 2017, February 14, 2018, and March 16, 2018 (Document Nos. 263, 267, 272, and 276).

On June 26, 2019, Credico filed the Motion for Injunctive Relief and Modification of Terms of Supervised Release (Document No. 283).

The Government filed its Response in Opposition to Defendant's Motions Under 28 U.S.C. § 2255 (Document Nos. 254, 256, 261, 263, 272, 276 and 283) on October 1, 2019 (Document No. 286). The Motions are thus ripe for decision.

## III.  LEGAL STANDARD

### A.  Motion Under 28 U.S.C. § 2255

Under § 2255, a federal prisoner may move to vacate, set aside, or correct his federal sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court lacked "jurisdiction to impose" the sentence; (3) the sentence exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 does not reach "every asserted error of law." *Davis v. United States*, 417 U.S. 333, 346 (1974). Section 2255 may only remedy a non-constitutional defect if the error resulted in "an omission inconsistent with the rudimentary demands of fair procedure," or if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962).

### B.  Modification of Supervised Release

18 U.S.C. § 3583 provides,

> the court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)— . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

In determining whether to modify the conditions of supervised release, a court considers: the nature of a defendant's offense and the defendant's history and characteristics; the need for adequate deterrence; the need to protect the public from further crimes of the defendant; the need

to provide the defendant with correctional treatment including vocational training or medical care; and the need to provide restitution to the victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(7). "The District Court's discretion whether to modify the terms of supervision is 'broad.'" *United States v. Rosiere*, 711 F. App'x 76, 79 (3d Cir. 2017) (quoting *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013)).

IV. **DISCUSSION**

    A. **Motion Under 28 U.S.C. § 2255**

        i. *Moot Claims*

In his Motion Under 28 U.S.C. § 2255, Credico requests new counsel "[i]f not permitted to proceed *pro se*." Document No. 256, at 8. He repeats this request in his Reply in Response and Request for Affirmative Relief. Document No. 267, at 2-3. Credico was not represented by counsel when he filed any of the pending Motions or supplements. Credico has the right to proceed *pro se* in this matter. Thus, to the extent that the Motion Under 28 U.S.C. § 2255 requests to proceed *pro se*, it is denied as moot. The Reply in Response and Request for Affirmative Relief are also denied as moot.

In his Motion Under 28 U.S.C. § 2255, Credico requests that he be held at FDC Philadelphia pending the resolution of that Motion. Document No. 256, at 7. That request is also denied as moot as Credico has been released from custody and is on supervised release.

        ii. *Remaining Claims*

In support of his Motion Under 28 U.S.C. § 2255, Credico makes two remaining claims. First, he argues that his sentence was calculated based on an erroneous criminal history score. Second, he argues that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by

failing to obtain and produce his telephone records from the period in which the threatening telephone calls were made. The Court evaluates each argument in turn.

          a.      Sentencing

Credico claims that, at sentencing in 2017, he was incorrectly assigned three, rather than two, criminal history points for two previous harassment convictions in the Court of Common Pleas of Chester County ("state court proceedings"). Document No. 256, at 6. He avers that the Court of Common Pleas of Chester County sentenced him to "146 days to 12 months on each count (two counts) concurrent with each other," rather than consecutive terms of 146 days to 12 months, and 146 days to 11 months and 28 days—"an aggregate 292 days to 23 ½ months imprisonment"—as stated in the Presentence Report. *Id.*; PSR ¶ 54. As a result, he claims that his sentence in this case should have been calculated based on two criminal history points, rather than three, for the harassment convictions.

Another court in this District examined the record of Credico's state court proceedings and determined that "the [Court of Common Pleas of Chester County] sentenced Credico to two consecutive terms of 146 days to 12 months, and 146 days to 11 months and 28 days." *Credico v. Att'y Gen. of Pennsylvania*, No. 13-CV-2819, 2014 WL 716745, at *1 (E.D. Pa. Feb. 25, 2014). This Court reviewed the sentencing transcript in the state court proceedings and likewise concludes that the sentences were imposed consecutively. Sentencing Hrg. Tr. at 35-36. The PSR accurately stated the sentence imposed for Credico's harassment convictions and the resulting criminal history score of three points for those convictions.

To the extent that Credico's Motion Under 28 U.S.C. § 2255 seeks relief on the ground that Credico's sentence was based on an erroneous criminal history score, the Motion is denied.

b.      *Brady* Claim

Credico next argues that the Government violated *Brady v. Maryland* by failing to obtain and produce his telephone records, which, according to Credico, would have shown that the telephone calls at issue in this case were made in 2012 rather than 2014.  Credico asserts that this evidence would have been exculpatory and thus, the Government was required to produce it in discovery.

Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. at 87.  The Court need not inquire into the materiality of Credico's telephone records, however, as the Government asserts, and Credico does not dispute, that the Government never obtained them.  Credico does not cite any authority, and the Court has found none, which supports his contention that the Government was required under *Brady* to obtain his telephone records on his behalf.  In response to an identical argument made by Credico prior to trial, the Court, by Order dated July 2, 2015, directed the Government to "produce such relevant telephone records as may come into the government's possession before trial." Document No. 101.  The Government maintains that it never obtained any relevant telephone records.  Thus, *Brady* does not apply.

To the extent that Credico's Motion Under 28 U.S.C. § 2255 seeks relief on the ground that the Government failed to obtain his telephone records, the Motion is denied

**B.      Modification of Supervised Release**

In the Supervised Release Motions, Credico seeks modifications of three conditions of supervised release.  First, Credico requests that the employment requirement—"the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for

6

schooling, training, or other acceptable reasons"—be modified to accommodate his plans to establish a foreign corporation. Judgment, at 4. Second, Credico requests relief from the criminal monetary penalties assessed against him, and his court fees and fines, stating that he does not have the ability to pay. Third, he seeks an order from the Court "prohibiting any further requirement that Credico take psychology treatment." Document No. 283, at 1. The Court addresses each request in turn.

### i.  *Employment Condition*

Credico claims that he plans "to establish a foreign corporation which will do business solely outside of the United States territories" and asks the Court to modify the terms of his supervision to allow this venture to satisfy the condition that he maintain a lawful occupation. Document No. 254, at 3. He elaborates on this request, stating "Credico via an online cyber-security corporation, would satisfy the Supervised Release condition of seeking or maintaining employment, but, would be exempt from U.S. Tax Law, and thus, it would be impermissible to violate him or hold him accountable to pay a lien from exempted monies." Document No. 261, at 6.

The Court concludes that gainful employment is critical to Credico's rehabilitative efforts and his ability to pay his criminal monetary penalties. The conditions of his supervised release do not prohibit Credico from pursuing the foreign business venture that he describes. However, the Court will not substitute that venture for the condition that he "work regularly at a lawful occupation." Judgment, at 4.

To the extent that the Supervised Release Motions seek modification of the condition that Credico "work regularly at a lawful occupation," the Motions are denied.

      *ii.*  *Court Fees and Fines and Criminal Judgment*

  Credico states that, on August 18, 2017, he "received a letter indicating that a $3,200 lien was placed upon him for court fees and fines." Document No. 254, at 3. He asks the Court to enjoin the United States Attorney's Office and Federal Probation Office "from enforcing the lien against Credico until the fees and fines are able to be paid per jurisdictional laws of the United States." *Id.* at 4. He also requests relief from his criminal monetary penalties as he "does not presently have employment . . . and [is] without means to pay." Document No. 283, at 11.

  Credico has presented no evidence of the lien described in the August 18, 2017 letter, nor has he demonstrated that he would suffer irreparable harm if the lien were enforced. Thus, on the present state of the record, the Court denies Credico's request for an injunction.

  With respect to his criminal monetary penalties, the Court grants Credico's request for a modification of the payment schedule mandated by the Judgment. Pursuant to the conditions of his supervised release, Credico is currently required to make a $50 monthly payment toward his fine and special assessment. The United States Probation Office has advised the Court that a $10 monthly payment is reasonable in light of the fact that Credico is unemployed. The Court concludes that a downward adjustment of the monthly payment is warranted under these circumstances and agrees with Probation that $10 is appropriate.

  Thus, to the extent that the Supervised Release Motions seek modification of the $50 monthly payment condition, the Motions are granted. Credico shall pay no less than $10 per month toward his criminal monetary penalties. The Supervised Release Motions are denied in all other respects.

### iii. Mental Health Treatment

Finally, Credico seeks relief from the condition that he "participate in a mental health program for evaluation and/or treatment and comply with all recommendations for treatment" during his period of supervised release. Judgment at 5. He argues that compulsory mental health treatment violates his Fifth Amendment right to remain silent. Document No. 283 at 4. The Court disagrees.

Credico's concern that statements made to his psychotherapist may be used against him in court is without merit as federal law provides an unconditional psychotherapist-patient privilege. *See Jaffee v. Redmond*, 518 U.S. 1 (1996). In *Jaffe*, the Supreme Court recognized that "[e]ffective psychotherapy depends upon an atmosphere of confidence and trust, and therefore the mere possibility of disclosure of confidential communications may impede development of the relationship necessary for successful treatment." *Id*. at 2. Thus, any statements made by Credico to a licensed psychotherapist are protected by privilege.

Additionally, Credico's mental health treatment has reportedly been successful and his continued participation is essential to his rehabilitation. Aside from his Fifth Amendment concerns, Credico has not presented any grounds for the modification of his mental health treatment condition. Therefore, the Court will not disturb his ongoing mental health treatment.

To the extent that the Supervised Release Motions seek modification of the mental health treatment condition, the Motions are denied.

## V. CONCLUSION

For the foregoing reasons, Credico's Motion Under 28 U.S.C. § 2255 and related supplements are denied. A certificate of appealability will not issue because reasonable jurists would not debate whether the Motion states a valid claim of the denial of a constitutional right or

the propriety of this Court's procedural ruling with respect to defendant's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Also, based on the foregoing, the relief sought in the Supervised Release Motions is granted to the extent that Credico's monthly payment toward his criminal monetary penalties is reduced from $50 per month to no less than $10 per month. The Supervised Release Motions are denied in all other respects.

An appropriate order follows.