**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 14-cr-0118-1** |
| | : | |
| **JUSTIN MICHAEL CREDICO** | : | |
| | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                      **JULY 9, 2026**

Before the Court is Petitioner Justin Credico's *pro se* Motion for Reconsideration (the "Motion") (ECF No. 309).  For the reasons set forth below, the Court will **DENY** Petitioner's Motion (ECF No. 309).

## I.    DISCUSSION

On June 29, 2026, the Court issued a Memorandum Opinion and Order denying Petitioner's *pro se* Petition for Writ of Error Coram Nobis, Alternatively, Audita Querela, or Jointly.  *See* ECF Nos. 307, 308.  That same day, Petitioner filed a Motion for Reconsideration, in which he raises a couple of arguments.  *See* ECF No. 309.  First, Petitioner argues that in rendering its decision, the Court "relied upon some state court writ of error" that he did not intend to be sent to the Eastern District of Pennsylvania.  *Id.* at 1.  Second, Petitioner reiterates that the voice recordings "attributed to [him]" "could have been spoofed or fabricated" and there have been "advances in AI and voice-cloning technology [that] have made it much easier to understand how calls or voices can be imitated."  *Id.* at 1–2.  In support of this contention, Petitioner asserts that the Government did not support the voice recordings with "phone-company records or reliable forensic evidence[,]" and that "[e]xpert testimony only proved a copy of the phone voicemail was made," but did not establish that the "incoming original" calls were "not fabricated or spoofed."  *Id.* at 2 (emphasis

omitted). While Petitioner did not specify the grounds for his Motion, the Court will construe his Motion as filed pursuant to Federal Rule of Civil Procedure 59(e).

Under Rule 59(e), parties may move "to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The scope of a motion for reconsideration" under Rule 59(e) "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Litigants may not use reconsideration motions "as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Therefore, a court may only alter or amend a judgment if the party requesting reconsideration demonstrates "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available" at the time the district court made its initial decision; or "(3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (internal quotations and citation omitted); *see also Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (same).

Here, Petitioner has failed to demonstrate that reconsideration is justified. In his Motion, Petitioner did not argue that there was an intervening change in the controlling law or that new evidence became available in the few hours that passed between the Court's issuance of its June 29, 2026 decision and Petitioner's filing of his latest Motion. *Blystone*, 664 F.3d at 415.

Furthermore, Petitioner neither presented any clear errors of law or fact that need to be corrected, nor established that a manifest injustice needs to be prevented. *Id.* Petitioner appears to argue that the Court erred by relying on a "state court writ of error" that Petitioner did not intend to be filed in the Eastern District of Pennsylvania. ECF No. 309 at 1. But Petitioner misunderstands the Court's June 29, 2026 decision. There, the Court explained that it was not directly addressing the merits of Petitioner's August 8, 2024 Petition for Writ of Error Coram Nobis

and Writ of Audita Querela (ECF No. 303) that had originated in the Court of Common Pleas of Chester County because writs of coram nobis and writs of audita querela are not available in federal court to attack state criminal convictions. *See* ECF No. 307 at 2 n.1 (collecting cases). The Court separately analyzed and rejected the arguments made in Petitioner's July 26, 2024 Petition for Writ Error Coram Nobis, Alternatively, Audita Querela, or Jointly (ECF No. 301) that he filed in federal court. *Id.* at 1–8. Petitioner otherwise rehashes variations on the same spoofing arguments that he previously made, notwithstanding that motions for reconsideration are not to be used to "relitigate the case." *Blystone*, 664 F.3d at 415; *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (explaining that Rule 59(e) motions are "not [to] be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" (internal quotations and citation omitted)); *Reardon v. New Jersey*, 822 F. App'x 153, 155 (3d Cir. 2020) (per curiam) (affirming denial of a motion for reconsideration where movant's "motion was essentially a repeat of his prior motions, and thus was an improper attempt to relitigate matters the District Court had already previously determined"); *United States v. Britton*, No. 22-2305, 2022 WL 7319976, at *2 (3d Cir. Oct. 13, 2022) (per curiam) (affirming denial of a motion for reconsideration that "merely rehashed arguments" that the movant "had made in the underlying" motion). Accordingly, reconsideration is not warranted under these circumstances.

## II.   **CONCLUSION**

For the foregoing reasons, Petitioner's Motion (ECF No. 309) is denied. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**